**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                    CASE NO. 04-90025

RICHARD DAVID ROMERO,         HON. MARIANNE O. BATTANI

        Defendant.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION TO AMEND THE INDICTMENT**

**I. INTRODUCTION**

     Before the Court is Defendant's Motion to Amend the Indictment (Doc. #48). Defendant was charged with conspiracy to posses and distribute, and possession with the intent to distribute fifty grams or more of pure methamphetamine in violation of 21 U.S.C. §§ 841 and 846. For the reasons set forth below, that motion is hereby **DENIED.**

**II. STANDARD OF REVIEW**

     An indictment may be amended to exclude mere surplusage, to correct misnomers or typographical errors, to withdraw part of a charge if beneficial to the defendant, or to strike prejudicial or irrelevant allegations. See <u>Dye v. Sacks</u>, 279 F.2d 834 (6th Cir. 1960); <u>Gambill v. U.S.</u>, 276 F.2d 180 (6th Cir. 1960); <u>U.S. v. Kemper</u>, 503 F.2d 327 (6th Cir. 1974). "A motion to strike surplusage from an indictment is addressed to the sound discretion of the District Court and should be granted only where it is clear that the allegations contained therein are not relevant

to the charge made or contain inflammatory and prejudicial matter." Dranow v. U.S., 307 F.2d 545, 558 (8th Cir. 1962).

> In determining whether an Indictment has sufficiently set forth the elements of the offense charged, the Indictment will generally be deemed sufficient "unless no reasonable construction can be said to charge the offense." United States v. Morris, supra at 568, quoting United States v. Peterson, 867 F.2d 1110, 1114 (8th Cir. 1989). In making this assessment, we must accept the allegations of the Indictment as true. United States v. Barker Steel Co., Inc., 985 F.2d 1123, 1125 (1st Cir. 1993); United States v. Cadillac Overall Supply Co., 568 F.2d 1078, 1082 (5th Cir. 1978), cert. denied, 437 U.S. 903, 98 S.Ct. 3088, 57 L.Ed.2d 1133 (1978). Ordinarily, the Court's assessment is limited to the "four corners" of the Indictment, and the Court should studiously avoid the consideration of evidence from sources beyond the Indictment. United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994). However, it is permissible, and even desirable in certain circumstances, for the Court to examine the factual predicates of an Indictment, particularly where material facts are undisputed, in order for the Court to ascertain whether the elements of the criminal charge can be shown. Id.; United States v. Brown, 925 F.2d 1301 (10th Cir. 1991).

U.S. v. Finn, 919 F. Supp. 1305, 1343 (D.Minn.,1995).

### III.    ANALYSIS

Defendant's motion can be read in one of two ways. First, it can be read as a motion to strike mere surplusage from the indictment; namely, to strike the government's language alleging Defendant possessed a particular amount of *pure* methamphetamine. Second, it can be read as challenging the sufficiency of the indictment; namely, whether the government can factually allege Defendant possessed 50 or more grams of pure methamphetamine, which is necessary to be exposed to increased punishment under 21 U.S.C. § 841(b)(1)(A)(viii). Either way, the Court must determine how to measure the amount of methamphetamine because, "for the purpose of establishing the statutory-maximum sentence for drug offenses, the drug amount must be proved beyond a reasonable doubt." U.S. v. Darwich, 337 F.3d 645, 655 (6th Cir. 2003), citing U.S. v. Garcia, 252 F.3d 838, 842 (6th Cir. 2001). Thus, it must be determined if the government can

actually show Defendant possessed that amount of pure methamphetamine when he allegedly possessed 172 grams of a mixture of less than pure methamphetamine.

The government calculated the amount of pure methamphetamine by determining the mixture's concentration of methamphetamine and other substances. Hence, Defendant is potentially eligible to be sentenced based on the amount of pure methamphetamine that the mixture contained. Defendant argues that Congress has delineated different punishments for pure drug quantities than for mixtures.

Looking at Defendant's motion either as a motion to strike mere surplusage or as a motion challenging the sufficiency of the indictment, Defendant cannot show how the charge of possessing a certain amount of pure methamphetamine is irrelevant to violating § 841(a), nor can he show that "no reasonable construction can be said to charge the offense." U.S. v. Peterson, 867 F.2d 1110, 1114 (8th Cir.1989). Likewise, Defendant cannot show how the allegation of a specific quantity is inflammatory and prejudicial. Even so, Defendant is correct when he points out that Congress has delineated different punishments for pure drug quantities than for mixtures. Congress has determined that penalties should be determined according to "the entire weight of the mixture or substance, or the offense level determined by the weight of the PCP (actual), amphetamine (actual), or methamphetamine (actual), whichever is greater." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c), n.(B). Likewise, the Supreme Court recognized that § 841(b) "provides a mandatory minimum sentence based *either* on the weight of a *mixture or substance* containing a detectable amount of the drug, *or* on lower weights of *pure* PCP or methamphetamine." Chapman v. U.S., 500 U.S. 453, 459 (1991) (emphasis in original). Thus, sentencing is based not only on the form of drug possessed, pure or mixture, but whichever

weight is greater. Both the First and Ninth Circuits have addressed this issue, and have found that sentencing is determined by the greater of the weight of pure methamphetamine that has been extracted or the weight of the mixture containing the drug. See U.S. v. Stoner, 927 F.2d 45 (1st Cir. 1991); U.S. v. Alfeche, 942 F.2d 697 (9th Cir. 1991). The court in Alfeche reasoned, "[t]his interpretation of section 841 also relieves the courts from deciding how 'pure' methamphetamine must be to trigger the 'methamphetamine' prong of the statute, instead of the 'methamphetamine mixture' prong." Alfeche, 942 F.2d at 699. The Sixth Circuit has also endorsed this reading in two unpublished cases. U.S. v. Deaton, 2001 WL 493372 at **1 (6th Cir. May 4, 2001); U.S. v. Crow, 2002 WL 745819 at **2 (6th Cir. April 25, 2002).

Thus, accepting all allegations as true, for sentencing purposes it can be shown that Defendant possessed fifty grams or more of pure methamphetamine. Therefore, it cannot be said that the allegations contained in the indictment "are not relevant to the charge made or contain inflammatory and prejudicial matter." Dranow, 307 F.2d at 558. Likewise, it cannot be said that "no reasonable construction can be said to charge the offense." Peterson, 867 F.2d at 1114.

### IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's January 26, 2005, Motion to Amend the Indictment is **DENIED.**


                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

DATE: **June 17, 2005**

### CERTIFICATE OF SERVICE

4

Copies of this Order were mailed to Randall C. Roberts and Robert Donaldson on this date by ordinary mail and electronic filing.

                                        s/Bernadette M. Thebolt
                                        DEPUTY CLERK